[907 NE2d 700, 879 NYS2d 822]

LISA C. GREEN, Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

Argued March 25, 2009; decided May 5, 2009

## POINTS OF COUNSEL

*Bleakley Platt & Schmidt, LLP,* White Plains (*Robert D. Meade* of counsel), for appellant. I. The Appellate Division majority applied an erroneous standard of review. (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492; *Thoreson v Penthouse Intl.,* 80 NY2d 490; *Abrahami v UPC Constr. Co.,* 224 AD2d 231; *Fryling v Omer Constr. Co.,* 286 AD2d 983; *Healy v Williams,* 30 AD3d 466; *Kiamos & Tooker v Zelis Florist,* 264 AD2d 623; *Meadox Meds., Inc. v Life Sys., Inc.,* 3 F Supp 2d 549; *Oelsner v State of New York,* 66 NY2d 636; *Amend v Hurley,* 293 NY 587.) II. The decision of the trial court was supported by a fair interpretation of the evidence. (*Schelberger v Eastern Sav. Bank,* 60 NY2d 506; *Joseph Schachter & Co. v John Hancock Mut. Life Ins. Co.,* 801 F2d 563; *Thoreson v Penthouse Intl.,* 80 NY2d 490; *Tidball v Tidball,* 93 AD2d 954.) III. The Appellate Division majority misapplied the presumption against suicide. (*Wellisch v John Hancock Mut. Life Ins. Co.,* 293 NY 178; *Schelberger v Eastern Sav. Bank,* 60 NY2d 506.) IV. The cremation of the body of the insured following plaintiff's denial of permission to perform any postmortem testing, combined with the majority's application of the presumption against suicide, deprived William Penn Life Insurance Company of New York of the right to defend this case. (*Rinaldo v New York City Tr. Auth.,* 39 NY2d 285; *Homer v Guardian Mut. Ins. Co.,* 67 NY 478; *Prink v Rockefeller Ctr.,* 48 NY2d 309.)

*Thomas Torto,* New York City, and *S. Edmund Resciniti,* Roslyn Heights, for respondent. I. The Appellate Division's exercise of its discretionary authority to review the trial records de novo and grant the judgment it finds warranted by the facts constitutes a permissible standard of Appellate Division review. (*Thoreson v Penthouse Intl.,* 80 NY2d 490; *Claridge Gardens v Menotti,* 160 AD2d 544; *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492; *Bernardine v City of New York,* 294 NY 361; *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128; *People ex rel. MacCracken v Miller,* 291 NY 55; *Matter of Fasano v State of New York,* 113 AD2d 885; *Marren v State of New York,* 142 AD2d 717; *Hunts Point Term. Produce*

*Coop. Assn., Inc. v New York City Economic Dev. Corp.,* 36 AD3d 234; *Pordy v Scot Serv. Co.,* 15 AD2d 911.) II. The Appellate Division's determination to exercise its de novo review powers and grant the judgment it finds warranted by the facts is a discretionary determination which is not reviewable by this Court. (*Herrick v Second Cuthouse,* 64 NY2d 692; *Matter of People [Second Russian Ins. Co.],* 244 NY 606; *Small v Lorillard Tobacco Co.,* 94 NY2d 43; *Wellisch v John Hancock Mut. Life Ins. Co.,* 293 NY 178.) III. The Appellate Division properly applied the presumption against suicide. (*Schelberger v Eastern Sav. Bank,* 93 AD2d 188, 60 NY2d 506; *Mallory v Travelers' Ins. Co.,* 47 NY 52; *Begley v Prudential Ins. Co. of Am.,* 1 NY2d 530; *Wellisch v John Hancock Mut. Life Ins. Co.,* 293 NY 178; *Miller v Continental Ins. Co.,* 40 NY2d 675; *Broun v Equitable Life Assur. Socy. of U. S.,* 69 NY2d 675; *Nathan v New York Life Ins. Co.,* 8 Misc 2d 5; *Skylarsky v New Hope Guild Ctr.,* 9 Misc 3d 1108[A], 2005 NY Slip Op 51450[U]; *Matter of Friedman v NBC Inc.,* 178 AD2d 774; *Matter of Bruning v Sheffield Farms Co.,* 8 AD2d 241.) IV. Defendant's argument that plaintiff's refusal to consent to an autopsy of the deceased should essentially estop her from relying on the presumption against suicide raises a matter of discretion which is beyond the review power of this Court. (*Herrick v Second Cuthouse,* 64 NY2d 692.) V. Defendant waived its argument that plaintiff should essentially be estopped from relying on the presumption against suicide by failing to interpose it as an affirmative defense in its answer. (*Dougherty v City of Rye,* 63 NY2d 989; *Morgan v Morgan,* 21 AD3d 1068.) VI. Defendant's argument that plaintiff should essentially be estopped from relying on the presumption against suicide so that it is not deprived of due process has not been preserved for review by this Court. (*Matter of Barbara C.,* 64 NY2d 866; *Lichtman v Grossbard,* 73 NY2d 792; *Matter of Peter L.,* 59 NY2d 513; *Tumolillo v Tumolillo,* 51 NY2d 790; *Di Bella v Di Bella,* 47 NY2d 828.) VII. Plaintiff is not estopped from relying on the presumption against suicide. (*Coronel v Chase Manhattan Bank,* 19 AD3d 310; *Conderman v Rochester Gas & Elec. Corp.,* 262 AD2d 1068; *Brown v Daisy Mfg. Co.,* 129 AD2d 995; *Gerber v Rosenfeld,* 18 AD3d 812; *Schelberger v Eastern Sav. Bank,* 93 AD2d 188.) VIII. Alternatively, the matter should be remanded to the Appellate Division to determine whether defendant's expert, Dr. Baden, should have been precluded, upon the grounds that (1) defendant failed to show good cause for disclosing, for the first time during the middle of trial, that it had an expert witness, and (2) defendant's

retention of the expert was contrary to its prior discovery response that it had not retained an expert.

## OPINION OF THE COURT

Smith, J.

The Appellate Division held that an attempt to prove a death was caused by suicide must fail as a matter of law, unless suicide is the only reasonable finding permitted by the evidence. We hold that the Appellate Division misconstrued the presumption against suicide. It is a guide for the factfinder, not a rule that compels a result.

I

Alan Green died on February 20, 2002. His life was insured by defendant under a $500,000 policy issued December 3, 2001. The policy provided: "If the insured dies by suicide within two years from the Date of Issue of this contract, the only death benefit will be the sum of premiums paid." Plaintiff, Mr. Green's widow, made a claim for the face amount of the policy. Defendant rejected the claim on the ground that Mr. Green had died by suicide, and plaintiff brought this action.

Considerable evidence supported defendant's contention that Mr. Green committed suicide. He was found lying on his bed, with an empty glass on the nightstand beside him and two empty bottles that had contained recently-prescribed pain medication in the nightstand drawer. He had been unemployed for months. He had seen a doctor on the day before his death; the doctor found him to be in good physical health, but noted that he had "suicidal thoughts." According to a police report, plaintiff said on the night of her husband's death that he had been depressed, and had overdosed on pain medication. She refused to permit an autopsy or a toxicological examination of his body, saying that such intrusions were forbidden by Jewish religious law, but she ordered the body cremated in violation of that religious prohibition.

There was also evidence supporting plaintiff's contention that suicide was not the cause of death. No suicide note was found. Mr. Green had no history of mental illness, and had not attempted suicide before. The doctor who noted his "suicidal thoughts" also quoted him as saying he was "[n]ot suicidal" and noted that he had "no plans" for suicide. There was no proof of how long the pill bottles had been empty; plaintiff offered testimony suggesting that she and her husband might

have taken all the pills in normal doses over a period of weeks. Family members testified that Mr. Green had behaved normally shortly before his death; they described him as "upbeat" and "positive."

After a nonjury trial, Supreme Court found that Mr. Green had committed suicide, and dismissed the complaint. The Appellate Division, with two Justices dissenting, reversed and directed the entry of judgment for plaintiff (*Green v William Penn Life Ins. Co. of N.Y.*, 48 AD3d 37 [1st Dept 2007]). In reversing, the Appellate Division did not exercise its factual review power, but held that "the evidence failed as a matter of law to overcome the presumption against suicide" (*id.* at 44). It reasoned that because "there are other reasonable conclusions that may be drawn from the evidence, aside from suicide," the "application of the law regarding the presumption against suicide necessitated a directed verdict in this case" (*id.* at 40). Defendant appeals as of right, pursuant to CPLR 5601 (a), and we now reverse.

## II

We have repeatedly held that a presumption against suicide is applicable in litigation under life insurance policies (*Schelberger v Eastern Sav. Bank*, 60 NY2d 506 [1983]; *Wellisch v John Hancock Mut. Life Ins. Co.*, 293 NY 178 [1944]; *cf. Matter of Infante v Dignan*, 12 NY3d 336 [2009] [decided today]). The presumption "springs from strong policy considerations as well as embodying natural probability" (*Schelberger*, 60 NY2d at 510), and we held in both *Wellisch* and *Schelberger* that the presumption justified leaving the issue of suicide to the jury, even where powerful evidence pointed to suicide as the cause of death.

We have never held, however, that the presumption against suicide requires *rejection* of a claim of suicide as a matter of law. As long as such a claim finds support in the evidence, a factfinder should decide it. The presumption, as we said in *Wellisch*, is "really a rule or guide for the jury in coming to a conclusion on the evidence" (293 NY at 184). Where the evidence leaves open two possible findings, it is "the jury's business to resolve the doubt" (*id.* at 185).

The Appellate Division's error here appears to arise from a jury charge we approved in *Schelberger*—a charge based on the New York Pattern Jury Instructions which then, as now, contained this language: "You may make a finding of suicide

only if you are satisfied from the evidence, and taking into consideration the presumption against suicide, that no conclusion other than suicide may reasonably be drawn" (60 NY2d at 509; *see* PJI 1:63.2). This language should not be taken to mean that, where more than one conclusion is reasonably possible, suicide is excluded as a matter of law. If that were true, the issue of suicide could never be decided by a factfinder; a verdict would have to be directed against the party asserting suicide whenever the evidence was inconclusive, and in that party's favor when suicide was conclusively proved. The main point of both *Wellisch* and *Schelberger* is to the contrary: Except in rare cases, a claim of suicide presents a factual issue, not a legal one.

The instruction that a finding of suicide is permissible only when "no conclusion other than suicide may reasonably be drawn" is directed at jurors deciding facts, not at judges deciding the law; it is a way of impressing on jurors' minds that the presumption against suicide is a strong one—of telling them they should not find suicide unless the evidence shows suicide to be highly probable. Of course, the same is true of a judge sitting as factfinder in a nonjury trial. Here, the evidence was strong enough to permit a finding of suicide, though not to require it.

Because there was evidence legally sufficient to support Supreme Court's decision, the Appellate Division erred in rejecting the finding of suicide as a matter of law. We remit the case to the Appellate Division, so that it can exercise its weight of the evidence review power, and consider any other issues necessary to resolve the case.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that court for consideration of the facts and issues raised but not determined on the appeal to that court.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.